**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-cv- 2786 |
| CHICAGO SOUTH LOOP HOTEL OWNER, LLC, | ) | |
| | ) | Honorable Edmond E. Chang |
| | ) | |
| Debtor-in-Possession. | ) | Appeal from Bankruptcy Case |
| | ) | 25-12829 |

# APPELLATE BRIEF OF CHICAGO SOUTH LOOP HOTEL OWNER, LLC

Counsel to Appellant
Goldstein & McClintock LLLP
Jeffrey C. Dan (Atty. No. 6242750)
Harley J. Goldstein (Atty. No. 6256010)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone (312) 337-7700
Facsimile: (312) 277-3315
jeffd@goldmclaw.com
harleyg@goldmclaw.com

**TABLE OF CONTENTS**


STATEMENT OF THE BASIS OF APPELLATE JURISDICTION ........................................... 1

STATEMENT OF ISSUES PRESENTED ........................................................................ 1

STANDARD OF REVIEW ........................................................................................... 1

STATEMENT OF THE NATURE OF THE CASE, COURSE OF PROCEEDINGS, AND DISPOSITION BELOW ........................................................................................... 2

STATEMENT OF FACTS ........................................................................................... 2

ARGUMENT ............................................................................................................. 6

I. THE BANKRUPTCY COURT ERRED IN RULING THAT TODD HANSEN WAS NOT AUTHORIZED TO ACT ON BEHALF OF THE DEBTOR. ............ 6

II. THE BANKRUPTCY COURT ERRED IN DISMISSING THE BANKRUPTCY CASE BASED ON AUTHORITY WHEN IT WAS AN INVOLUNTARY BANKRUPTCY FILING. ........................................................................ 8

III. THE BANKRUPTCY COURT ERRED IN DISMISSING THE CASE FOR FAILURE TO FILE REPORTS AND A PLAN OF REORGANIZATION.......... 9

CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

Cases

*Airlease II v. Simon*, 844 F.2d 99, 103 (3rd Cir. 1988) .... 1
*Du Page Forklift Sales, Inc. v. Material Handling Servs., Inc.*, 195 Ill. 2d 71, 77 (2001).... 7
*Golant v. Care Comm.*, 216 B.R. 248, 252 (N.D.Ill. 1997).... 1
*In re Brown*, 56 B.R. 954, 958-59 (Bankr. E.D. Mich. 1986) .... 6
*In re Comer*, 723 F.2d 737, 739 (9th Cir. 1984).... 6
*In re Eagson*, 37 B.R. 471, 476-77 (Bankr. E.D. Pa. 1984) .... 7
*In re KDI Corp.*, 14 B.R. 350, 352-54 (Bankr. S.D. Ohio 1981) .... 7
*In re Morton*, 43 B.R. 215, 217-18 (Bankr. E.D.N.Y. 1984).... 6
*In re Novak*, 37 B.R. 31, 32-33 (Bankr. D. Conn. 1983) .... 7
*In re Sapphire Investments*, 27 B.R. 56, 58 (Bankr. D. Ariz. 1983).... 7
*In re Waugh*, 2009 Bankr. Lexis 254, 16-17.... 6
*Kapp Naturelle, Inc.*, 611 F.2d 703, 707-08 (8th Cir. 1979); .... 6
*Matter of Bloomer*, 32 B.R. 25, 26 (Bankr. W.D. Mich. 1983).... 7

Statutes

28 U.S.C §158(a)(1).... 1
28 U.S.C. § 1291.... 1
28 U.S.C. § 158(a)(1).... 1
28 U.S.C. § 1738.... 6

Rules

Rule 8001 of the Federal Rules of Bankruptcy Procedure .... 1

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

This Court has jurisdiction over appeals from "final judgments, orders, and decrees" of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1) and Rule 8001 of the Federal Rules of Bankruptcy Procedure. Under section 158(a)(1), "finality" has "a more pragmatic and less technical" meaning than it does under 28 U.S.C. § 1291. *F/S Airlease II v. Simon*, 844 F.2d 99, 103 (3rd Cir. 1988). The order being appealed was a *Memorandum Opinion* (R. 5-4, 257) (the "*Opinion*") and *Order Granting Motion to Dismiss* (the "*Order*") (R. 5-4, 268) dated March 10, 2026, which are final orders.

The Notice of Appeal was timely filed on March 11, 2026. (R. 5-4, 271).

## STATEMENT OF ISSUES PRESENTED

A. Did the Bankruptcy Court err in ruling that Chicago South Loop Hotel Owner LLC (the "*Debtor*") did not have proper corporate authority to act through Todd Hansen on behalf of the Debtor in pursuing the Chapter 11 case?

B. Did the Bankruptcy Court err in dismissing the bankruptcy case?

## STANDARD OF REVIEW

Pursuant to 28 U.S.C §158(a)(1), the District Court shall have jurisdiction to hear appeals of final orders from the Bankruptcy Court. The District Court reviews the Bankruptcy Court's legal determinations *de novo*, and its findings of fact for clear error. *Golant v. Care Comm.*, 216 B.R. 248, 252 (N.D.Ill. 1997).

## STATEMENT OF THE NATURE OF THE CASE, COURSE OF PROCEEDINGS, AND DISPOSITION BELOW

The Debtor appeals from the Bankruptcy Court's March 10, 2026 Order dismissing the bankruptcy case (R. 5-4, 268). The Order dismissed the bankruptcy case based on a motion filed by Louis Dodd (the "*Motion*") (R. 5-2, 87), which was filed on November 10, 2025. The Motion sought to either dismiss the bankruptcy case or appoint a chapter 11 trustee. Following briefing by the parties and a hearing, the Bankruptcy Court issues its Memorandum Opinion and entered the Order. This is an appeal from that Memorandum Opinion (R. 5-4, 257) and Order (R. 5-4, 267).

## STATEMENT OF FACTS

The Debtor is the owner of the property located at 11 W. 26th St, Chicago, Illinois. A hotel is operated at the property through a lease in which the Debtor is the lessor. An involuntary bankruptcy was instituted against the Debtor on August 20, 2025 (R. 5-2, 13). The Debtor is owned and managed by Chicago South Loop Hotel, LLC ("*CSLH*"), its sole member and manager.

Pursuant to section 9 of the Debtor's Operating Agreement, the Debtor is member managed. See copy of Debtor's Operating Agreement attached as Exhibit A to the Response to Motion to Dismiss (the "*Response*") (R. 5-2, 172). [1] The original members and Co-Managers of CSLH were Louis Dodd ("*Dodd*"), James White, Floyd Mix and Jerry Cooper. See copy of the CSLH Operating Agreement attached as Exhibit B to the Response (R. 5-2, 196). Dodd and James White each owned 42.5% of CSLH. Floyd Mix owned 10% of CSLH and Jerry Cooper owned 5% of CSLH. Upon information and belief, due to the death of James White, his

1 Despite the Bankruptcy Court stating that the Debtor's operating agreement was not filed with the Court, it was attached as Exhibit A to the Response.

membership interests in CSLH were transferred to his wife Vickie White ("*White*"). Upon information and belief, due to the death of Floyd Mix, his membership interests were transferred to his daughter Vivian Murphy ("*Murphy*"). Upon information and belief, due to the death of Jerry Cooper, his membership interests were transferred to his daughter Astrid Cooper ("*Cooper*"). Thus, as of at least 2019, the four members of CSLH were Dodd, White, Murphy and Cooper. Dodd and White each owned 42.5% of CSLH, Murphy owned 10% and Cooper owned 5%.

There were disputes between all four members of CSLH that eventually ended up in litigation in the Circuit Court of Cook County. In a way of resolving that litigation, White agreed to purchase the shares of Murphy and Cooper. At the time of the agreement to purchase, there were limits on the transfer of interests in CSLH. The Restrictive Stock Agreement of CSLH required either more than 50% ownership to approve a sale of interests or an option for each party to share in the purchase after notice and an opportunity to purchase any membership interests. See Restrictive Stock Agreement attached as Exhibit D to the Response (R. 5-2, 213). As part of the agreement of White to purchase the membership interests of Murphy and Cooper, notice was given to Dodd of an opportunity to purchase one half of the fifteen percent (15%) interest being purchased by White and that notice was given in July, 2020 and again in September, 2020. See copy of email attached as Exhibit E to the Response (R 5-2, 220). As evidenced by the email, Dodd never responded and forfeited his rights by not responding and failing to exercise his right to share in the purchase within 30 days. Thereafter, on December 30, 2020, White, Murphy and Cooper entered into a CSLH Membership Interest Purchase Agreement. See copy of CSLH Membership Interest Purchase Agreement attached as Exhibit F to the Response (R. 5-2, 223). The purchase agreement was presented to the Circuit Court of

Cook County as a settlement agreement to resolve the litigation that involved the four members of CSLH in case number 2019 CH 10966. The purchase agreement, or settlement agreement as it was referred to by the parties in that litigation, was approved by the Circuit Court of Cook County. See copy of Agreed Order attached as Exhibit G to the Response (R. 5-2, 261). Dodd was a party to that case and participated in that case through counsel and had notice of the purchase by White as the agreed settlement. Following the sale, Murphy and Cooper resigned as managers of CSLH. See copy of Resignations attached as Exhibit H to the Response (R. 5-2, 264). Additionally, the Circuit Cook of Cook County further recognized the settlement by entering an order enforcing the settlement agreement. See copy of Motion to Enforce Settlement Agreement attached as Exhibit N to the Supplemental Response to Motion to Dismiss (R. 5-2, 436) and the Order Granding Motion to Enforce attached as Exhibit O to the Supplemental Response to Motion to Dismiss (R. 5-3, 36).

This gave White 57.5% ownership of CSLH and effective authority to manage CSLH on her own by virtue of having over the 50% threshold of membership authority to act. The authority to act with 50% of membership approval was already decided in another Circuit Court of Cook County case in which the court ruled that Section 10.9 of the CSLH Operating Agreement provided that a manager must have 50% membership approval to perform any act on behalf of CSLH. See copy of October 8, 2019 court order attached as Exhibit I to the Response (R. 5-2, 267).

On February 27, 2023 CSLH, through White, executed a Resolution amending the operating agreement of CSLH to allow transfers of membership interests and changes in managers of CSLH by virtue of over 50% membership decision. See copy of Resolution attached as Exhibit J to the Response (R. 5-2, 269). In compliance with the 50% membership

decision authority, on February 27, 2023, CSLH executed a Resolution authorizing the transfer of 56% of the membership interests from White to Chicago South Loop Holdings, LLC ("Holdings"). See copy of Resolution attached as Exhibit K to the Response (R. 5-2, 272). On February 27, 2023, White and Holdings entered into a Purchase Agreement for the sale of 56% of the 57.5% of the membership interest owned by White. See copy of Purchase Agreement attached as Exhibit L to the Response (R. 5-2, 275). Following the sale of the membership interests of White to Holdings, Holdings was the 56% owner of CSLH, Dodd was the 42.5% owner and White was the 1.5% owner.

On February 27, 2023 a resolution was executed naming Todd Hansen as the manager of CSLH. See copy of Resolution attached as Exhibit M to the Response (R. 5-2, 298).

On August 20, 2025, an involuntary bankruptcy petition was filed against the Debtor. (R. 5-2, 13). Only after the Bankruptcy Court entered its Order for Relief (R. 5-2, 20), did the Debtor file a petition and schedules in the bankruptcy case. This case was never a voluntary bankruptcy case and only proceeded after the Bankruptcy Court entered its Order for Relief on the involuntary petition.

On November 10, 2025, Dodd filed his Motion (R. 5-2, 87). During the briefing schedule on the Motion and as of the Order dismissing the bankruptcy case, the period had not yet run for the Debtor to file its Plan of Reorganization in the bankruptcy case.

On March 10, 2026, the Bankruptcy Court entered its Memorandum Opinion and Order dismissing the Bankruptcy Case (R. 5-4, 257 and 268). The Bankruptcy Court ruled that the Debtor did not have authority to act through Todd Hansen as representative of the Debtor and did not give any effect to the orders entered in the Circuit Court of Cook County approving the sale of the minority interests to Vickie White.

On March 11, 2026, the Debtor timely filed its Notice of Appeal (R. 5-4, 271).

## ARGUMENT

### I. THE BANKRUPTCY COURT ERRED IN RULING THAT TODD HANSEN WAS NOT AUTHORIZED TO ACT ON BEHALF OF THE DEBTOR.

It is clear from the operating agreement of CSLH that over fifty percent (50%) of the ownership was required to act on behalf of CSLH. This is undisputed. The only question is were the actions taken by Vickie White to sell her interests to Holdings and to authorize resolutions that named Todd Hansen as manager, with authority to act on the Debtor's behalf, done with over 50% of the ownership of CSLH. The Bankruptcy Court ruled that there was no proof that the sale of the minority interests from Murphy and Cooper to White, which gave her a 57.5% ownership of CSLH was ever authorized. This completely ignores that proceedings in the Circuit Court of Cook County, which all took place prior to the filing of the involuntary bankruptcy petition. Since the Circuit Court of Cook County had already approved the sale as part of a settlement between the parties in the 2019 CH 10966, the issue had already been decided regarding ownership, prior to the filing of the bankruptcy case.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the Bankruptcy Court must give the Circuit Court of Cook County's judgment the same preclusive effect it would receive in Illinois courts. "As a general rule, a bankruptcy court must apply the doctrines of claim preclusion *(res judicata)*, and issue preclusion (collateral estoppel) to prepetition state court judgments in accordance with the principles of the Full Faith and Credit Clause of the United States Constitution, Article IV, Section I and 28 U.S.C. § 1738." *In re Waugh*, 2009 Bankr. Lexis 254, 16-17, *citing In re Comer*, 723 F.2d 737, 739 (9th Cir. 1984); *Kapp Naturelle, Inc.*, 611 F.2d 703, 707-08 (8th Cir. 1979); *In re Brown*, 56 B.R. 954, 958-59 (Bankr. E.D. Mich. 1986)*; In re Morton*, 43 B.R. 215,

217-18 (Bankr. E.D.N.Y. 1984)*; In re Eagson, 3*7 B.R. 471, 476-77 (Bankr. E.D. Pa. 1984)*; In re Novak,* 37 B.R. 31, 32-33 (Bankr. D. Conn. 1983); *Matter of Bloomer,* 32 B.R. 25, 26 (Bankr. W.D. Mich. 1983); *In re Sapphire Investments,* 27 B.R. 56, 58 (Bankr. D. Ariz. 1983); *In re KDI Corp.*, 14 B.R. 350, 352-54 (Bankr. S.D. Ohio 1981).

In this case, collateral estoppel applies to the decisions in the Circuit Court of Cook County which held that the transfer of Murphy and Cooper's interests to White were valid and resulted in a judgment against White. Collateral estoppel applies when: (1) the prior adjudication decided the same issue now before the current court; (2) a final judgment on the merits exists; and (3) the party against whom estoppel operates participated as a party or in privity with a party to the prior adjudication. *Du Page Forklift Sales, Inc. v. Material Handling Servs., Inc.*, 195 Ill. 2d 71, 77 (2001). The present situation satisfies all three elements. The issue of the validity of the transfer of Murphy and Cooper's interest to White was already decided. It was a final judgment approving the Purchase Agreement (referred to as the "settlement agreement"), which was later used to approve a judgment against White in favor of Murphy and Cooper. Dodd was a party to that case and had notice and an opportunity to object to the purchase from Murphy and Cooper by White. A simple review of the caption in the Circuit Court of Cook County case demonstrates that he was a party to the case. (R. 5-2, 262, 268, 436; 5-3, 36; and 5-4, 274). Additionally, the email to Dodd's counsel regarding the sale from Murphy and Cooper to White and right of opportunity to participate for Dodd demonstrates that Dodd's attorney was in court for hearings in the case in the Circuit Court of Cook County when the sale was disclosed, despite his claims that he did not participate in that case. (R. 5-2, 221). He had an opportunity to object to the sale and chose not to challenge it in the case in the Circuit Court of Cook County. He should have been barred from mounting a collateral attack in the Bankruptcy Court to the sale that the Circuit Court of Cook

County already approved and validated. This was clear error by the Bankruptcy Court to allow this collateral attack.

Since the Circuit Court of Cook County had already ruled that the sale to White was valid, she clearly owned 57.5% of CSLH, which pursuant to the operative corporate documents of CSLH, she had the authority to name Todd Hansen as manager of CSLH and to modify the operating agreement to allow her to sell her interest to Holdings. There is no dispute as to the resolutions being executed that made Todd Hansen manager or approving the sale of White's interest in CSLH. Dodd merely raised the issue that he disputes that there was authority to take that action. Once again, this ignores the ruling by the Circuit Court of Cook County that approved the settlement by which White obtained her 57.5% interest, which allowed her to act.

## II. THE BANKRUPTCY COURT ERRED IN DISMISSING THE BANKRUPTCY CASE BASED ON AUTHORITY WHEN IT WAS AN INVOLUNTARY BANKRUPTCY FILING.

In ruling that Todd Hansen did not have authority to act on behalf of the Debtor in pursuing the bankruptcy case, the Bankruptcy Court ignored the fact that authority was not needed to file the bankruptcy case as it was not filed by the Debtor. The bankruptcy case was filed as an involuntary petition against the Debtor. (R. 5-2, 13). The Bankruptcy Court recognizes the involuntary filing in the Memorandum Opinion, but ignores the issue in its ruling by stating a voluntary petition was filed by the Debtor. (R. 5-4, 257). The petition filed by the Debtor was filed to correct issues with the involuntary petition. This was not a new filing, but rather filed as part of the schedules required to be filed by a Debtor. (R. 5-2, 21). In fact, the Bankruptcy Court stated in the Order for Relief that the Debtor may amend the involuntary petition as needed. (R.

5-2, 20). Therefore, authority for the Debtor to file the bankruptcy case and the petition filed by the Debtor are irrelevant, as authority is only an issue in a voluntary filing, not an involuntary case.

This issue was raised not only by the Debtor in the Supplemental Response to Motion to Dismiss, but it was also raised in the Response of Hospitality Structured Funding IV, LLC to Motion to Dismiss (R 5-2, 342). Despite the Order for Relief being entered for the case to proceed under chapter 11 in response to the involuntary petition, the Bankruptcy Court improperly dismissed the case on an authority issue that did not apply to the case.

## III. THE BANKRUPTCY COURT ERRED IN DISMISSING THE CASE FOR FAILURE TO FILE REPORTS AND A PLAN OF REORGANIZATION.

In the Memorandum Opinion, after ruling that there was no corporate authority to proceed with the Bankruptcy Case, the Bankruptcy Court stated that the Debtor did not file monthly operating reports and could not file a Plan of Reorganization. These facts are simply not true. A simple review of the record demonstrates that the Debtor filed its monthly reports. (R. 5-2, 147 and 158; and R. 5-4, 237 and 246). Additionally, the Motion was filed on November 10, 2025, a mere 60 days after the Order for Relief was entered. This was well before the deadline to file a plan of reorganization had run. The Debtor would not be able to proceed with a plan of reorganization based on the ruling the Bankruptcy Court made regarding corporate authority, even if it had had time to file a plan of reorganization prior to the filing and briefing of the Motion. The Debtor was in the process of preparing a plan of reorganization, but had to pivot to deal with the Motion.

## CONCLUSION

The Debtor requests that the Memorandum and Opinion of the Bankruptcy Court be vacated, and the bankruptcy case be reinstated. The Court's dismissal for failure to have corporate authorization to proceed with the bankruptcy case should be reversed and it should be determined that Todd Hansen has authority to act on behalf of the Debtor in the bankruptcy case.

Dated: May 11, 2026

**GOLDSTEIN & MCCLINTOCK LLLP**

By: *<u>/s/ Jeffrey C. Dan</u>*

Jeffrey C. Dan (Atty. No. 6242750)
Harley J. Goldstein (Atty. No. 6256010)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-3315
jeffd@goldmclaw.com
harleyg@goldmclaw.com

ATTORNEYS FOR DEBTOR/APPELLANT
CHICAGO SOUTH LOOP HOTEL OWNER, LLC