**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: Chicago South Loop Hotel Owner, LLC<br><br>Debtor(s). | Case No. 26-cv-2786<br><br>Honorable Edmond E. Chang<br><br>Appeal from Bankruptcy Case 25-12829 |

**APPELLEE BRIEF OF HOSPITALITY STRUCTURED FUNDING IV LLC**


Matthew T. Gensburg
Email: mgensburg@gcklegal.com
GENSBURG CALANDRIELLO & KANTER
200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Phone: (312) 263-2200

John Moynihan
Email: jmoynihan@ccvmlaw.com
Cooney Corso & Moynihan LLC
1311 Butterfield Road, Ste 308
Downers Grove, Illinois 60515
Phone: (847) 477-3919

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION ........................................................................................................................4

RELEVANT BACKGROUND ....................................................................................................5

ARGUMENT…………………………………………………………………………………..7

I. THE BANKRUPTCY COURT CORRECTLY HELD THAT HANSEN HAD NO AUTHORITY TO MANAGE CSLHO ...........................................................7

II. THE BANKRUPTCY COURT ERRED IN DISMISSING THE BANKRUPTCY CASE RATHER THAN APPOINTING A CHAPTER 11 TRUSTEE ………………………….……………………..…………………………………..12

CONCLUSION ........................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Chicago South Loop Hotel Owner, LLC v U.S. Bank National Association, et al.,* 23-cv-3376……10

*In re Chicago S. Loop Hotel Owner, LLC*
No.23-02595, 2023 WL 3643533, (Bankr. N.D.Ill. May 24,2023)……………………………10

*Allen v. McCurry.,*
449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308………..……………………………...11

*Klingman v. Levinson*
831 F.3d 1292, 1295 (7th Cir.1987)………………………………………………………11

*In re Mukenschnabl*
643 B.R. 218, 240 (Bankr.N.D.Ill.2022)…………………………………………………11

*Gambino v. Koonce,*
757 F.3d 604, 608, (7th Cir.2014)………………………………..………………………11

*Chicago South Loop Hotel Owner, LLC,*
2023 Bankr. LEXIS 1376 ..........................................................................................……12

*Chicago South Loop Hotel Owner, LLC,*
2023 Bankr. LEXIS 1376..........................................................................................…...12

*In re Georgian Backyard LLC*
661 B.R. 102, 105 (Bankr.E.D.N.Y.2024)….……………………………………..……..13

*In re Fall*
405 B.R. 863, 867 (Bankr.N.D.Ohio 2009)………………………………………………14

*Barcelona Capital, LLC v Neno Cab Corp.,*
648 B.R. 578, 588 (Bankr.E.D.N.Y.2023)…………………...…………………………..14

*In re AAGS Holdings, LLC,*
608 B.R. 373, 382 (Bankr.S.D.N.Y.2019)……………….………………………………14

*In re Towne Development, LLC,*
404 B.R. 140 (Bankr.M.D.La.2009)………………………………………………………15

## STATUTES

Full Faith and Credit Act, 28 U.S.C. §1738………………………………………...………..8

11 U.S.C. §1112(b)(1) ……………………………………………………………………………12

11 U.S.C. §1104(a) ……………….………………………………………………………………13

11 U.S.C. §303(h) ……………………..……………………………………………………………..14

## AUTHORITIES

Collier on Bankruptcy §1112.04……………………………………………………………...…16

**APPELLEE BRIEF OF HOSPITALITY STRUCTURED FUNDING IV LLC**

Hospitality Structured Funding IV LLC ("**Hospitality**"), Chicago South Loop Hotel Owner, LLC's largest secured creditor, by and through its attorneys Matthew T. Gensburg of Gensburg, Calandriello & Kanter, P.C. and John Moynihan of Cooney Corso & Moynihan, LLC, files the following response to the *Appellate Brief of Chicago South Loop Hotel Owner, LLC.*

**Introduction**

1. The Bankruptcy Court, in a related case in 2023, Case No. 23-02595, held that Todd Hansen did not have authority to direct Chicago South Loop Hotel Owner, LLC ("**CSLHO**" or the "**Debtor**"), the debtor and appellant herein, and dismissed that case. In the time between the court's ruling in 2023, and the filing of the case currently before this Court in 2025, CSLHO did nothing new to empower Hansen and the Bankruptcy Court correctly ruled that Hansen still did not have authority to direct CSLHO. Appellant, therefore, is collaterally estopped from now challenging that ruling. Even if Appellant is not collateral estopped, for all of the reasons noted in Hospitality's *Supplemental Response of Hospitality Structured Funding IV, LLC to Louis Dodd's Motion to Dismiss This Chapter 11 Case or Appointment of Chapter 11 Trustee, and to Shorten Time.* [Dkt 91], Hansen did not have the necessary corporate authority to file a petition for CSLHO, nor manage CSLHO.

2. However, when the Bankruptcy Court dismissed Case No. 25-12829 based on a finding that the Debtor had no reasonable likelihood of filing or confirming a plan, when no evidence was submitted on that issue, the Bankruptcy Court committed a clear error requiring that this case be remanded to reconsider whether a feasible plan is likely and whether appointment of a Chapter 11 trustee is in the best interests of the estate and its creditors.

## Relevant Background

3. CSLHO owns and operates the South Loop Hotel located at West 26th Street, Chicago, Illinois. On February 27, 2023, CSHLO filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois; Case No. 23-02595. This case was initially assigned to the Honorable LaShonda A. Hunt and then reassigned to the Honorable Deborah L. Thorne. [Case No. 23-02595, Dkt 58]

4. On March 8, 2023, U.S. Bank National Association, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2013-C13, Commercial Mortgage Pass-Through Certificates, Series 2013-C13 ("**U.S. Bank**"), filed its *Motion to Dismiss Chapter 11 Bankruptcy Case, or in the Alternative, for Appointment of Chapter 11 Trustee* [Case No. 23-02595, Dkt. 9] In that motion, it was argued that CSLHO filed its petition in bad faith, and without proper corporate authorization. [¶ 2] Responses in opposition to the motion were filed on April 21, 2023 [Case No. 23-02595, Dkt 48 & 49] and a reply is support of the motion was filed on March 5, 2023. [Case No. 23-02595, Dkt 56] On May 24, 2023, Judge Thorne issued a Memorandum Opinion granting the motion to dismiss. [Case No. 23-02595, Dkt 74]

5. In her opinion, Judge Thorne reviewed the organizational history of CSLHO, including its adoption of the Operating Agreement for Chicago South Loop Hotel, LLC, the sole member and manager of CSLHO (the "**Parent LLC**"), as well as the amendments and resolutions made thereto and determined that the petition was improperly filed. The Court stating that "Todd Hansen did not have authority to file the chapter 11 petition on behalf of the Debtor." [Case No. 23-02595, Dkt 74, Pg 1].

6. On May 26, 2023, CSLHO filed a Notice of Appeal of Judge Thorne's ruling. [Case No. 23-02595, Dkt 79] On September 22, 2023, Judge Franklin U. Valderrama granted CSLHO's

motion to voluntarily dismiss the appeal. [Case No. 23-02595, Dkt 91]

7. On August 20, 2025, Tiffany Webb filed an involuntary Chapter 11 petition for relief against CSLHO under Section 303 of the Bankruptcy Code, initiating the bankruptcy case identified by Case No. 25-12829. [R.5-2, 13] No party, including CSLHO, opposed the involuntary petition, and on September 11, 2025, the Bankruptcy Court entered an Order for Relief under Chapter 11. [R.5-2, 20] On October 1, 2025, notwithstanding the fact that an Order for Relief had already been entered, CSLHO filed a *Voluntary Petition for Non-Individuals Filing for Bankruptcy* under Chapter 11, employing the same case number. [R.5-2, 21]

8. On November 10, 2025, Louis Dodd ("**Dodd**"), asserting that he held 42.5% membership interest in Parent LLC, filed his *Motion to Dismiss Chapter 11 Case or Appoint a Chapter 11 Trustee, and to Shorten Time*. [R.5-2, 87] The Bankruptcy Court granted Dodd's motion through the *Order Granting Motion to Dismiss* [R.5-4, 268] and *Memorandum Opinion* [R.5-4, 257], both dated March 10, 2026, and both of which are now the subject of this appeal. In the Memorandum Opinion, the Bankruptcy Court noted that it had made "extensive findings of fact in the prior case" concluding that Hansen did not have the authority to place CSLHO into bankruptcy. She went to note that "Nothing more has been put forth vesting authority in Todd Hansen" and stated that "The only difference between this case and the 2023 case is that it was initiated by the involuntary chapter 11 petition after which an order for relief was entered." The Bankruptcy Court then stated that "The issue in this case is substantially the same as it was in 2023: does Todd Hansen have authority to direct the Debtor in Bankruptcy?" Answering that question in the negative and concluding that it was "clear that Debtor's Parent is incapable of operating, and this prevents the Debtor from successfully navigating a chapter 11 case, the Bankruptcy Court dismissed the bankruptcy case.

## Argument

### (i) The Bankruptcy Court Correctly Held that Hansen had No Authority to Manage CSLHO

9. In this appeal, Appellant argues that the Bankruptcy Court misread the relevant corporate documents by which Hansen alleged gained his corporate authority and "completely ignored" proceeding in the Circuit Court of Cook County pursuant to which the Circuit Court approved a settlement between the parties in Case No. 2019 CH 10966 regarding ownership and authority. Appellant then argues that "[u]nder the Full Faith and Credit Act, 28 U.S.C. §1738, the Bankruptcy Court must give the Circuit Court of Cook County's judgment the same preclusive effect it would receive in Illinois courts." Appellant asserts that the doctrines of claim preclusion (*res judicata*) and issue preclusion (*collateral estoppel*) apply to the Circuit Court's decisions that the transfers of Murphy and Cooper's interests to White were valid and resulted in judgment against White, stating:

> Since the Circuit Court of Cook County had already ruled that the sale to White was valid, she clearly owned 57.5% of CSLH, which pursuant to the operative corporate documents of CSLH, she had the authority to name Todd Hansen as manager of CSLH and to modify the operating agreement to allow her to sell her interest to Holdings. There is no dispute as to the resolutions being executed that made Todd Hansen manager or approving the sale of White's interest in CSLH. Dodd merely raised the issue that he disputes that there was authority to take that action. Once again, this ignores the ruling by the Circuit Court of Cook County that approved the settlement by which White obtained her 57.5% interest, which allowed her to act.

[Appellate Brief, Pg 11]

10. Hospitality agrees that the doctrines of claim and issue preclusion apply to this appeal, but note that the judgment and opinion which have preclusive effect are not those of the Circuit Court, as asserted by Appellant, but rather that of Judge Thorne dated May 24, 2023, dismissing CSLHO's first Chapter 11 case due to the fact that the Bankruptcy Court found that Hansen had no corporate authority.

11. As noted in Judge Thorne's Memorandum Opinion, on February 27, 2023, Hansen filed CSLHO's first Chapter 11 Petition for bankruptcy, asserting he had the authority to act as its manager. [R.5-4, 257] U.S. Bank then filed its motion to dismiss this prior case, claiming that Hansen lacked the corporate authority to file the petition. [Case No. 23-02595, Dkt. 9] That motion was fully briefed and granted by Judge Thorne. [Case No. 23-02595, Dkt. 9, 29, 41, 48-49, 56-57, and 74] In her 2023 opinion granting U.S. Bank's Motion to dismiss, Judge Thorne reviewed the history of the organization of and the adoption of the Operating Agreement for Parent LLC, CSLHO's sole member and manager, noting the alleged amendments and resolutions made thereto. [Case No. 23-02595, Dkt. 74, 1-5] In the 2023 opinion, Judge Thorne addressed the same documents that are being relied upon by CSLHO's counsel in the present lawsuit and this appeal, including (i) the Hotel's Operating Agreement, (ii) amendments or resolutions that were approved by all of its members pursuant to the Operating Agreement, and (iii) other amendments and resolutions that were made by only some of the members and in violation of the Operating Agreement. Upon review of the documents before her, in her Memorandum Opinion Judge Thorne expressly found:

> Here, the Parent's operations did not comply with the Operating Agreement, and this noncompliance culminated with the filing of the Debtor's bankruptcy petition. The Debtor was controlled by its sole member, the Parent LLC, and any action taken by the Parent was required to abide by the requirements set forth in the Operating Agreement. An early amendment to the Agreement, executed by all four members, required that the four members act as comanagers. (March 14, 2007 Amendment, Dkt. No. 49, Ex. 3.) Because the following actions of the Parent were not unanimously approved, they violated the Operating Agreement:
>
> - The amendment to § 9.2 which allowed the removal of a comanager for cause,
> - The removal of Louis Dodd as comanager and secretary,
> - The transfer and sale of the membership interests of Vivian Murphy and Astrid Cooper to Vivian White,

> - The Resolution allowing the addition of managers,
> - The election of Vickie White as manager,
> - The transfer of Vickie White's membership interest to Chicago South Loop Hotel Holdings, and
> - The election of Todd Hansen as manager.
>
> Under the terms of the Operating Agreement and its amendments, Vickie White did not validly acquire a membership interest large enough to gain control of the Parent, and she did not have the authority to transfer her interest to Holdings. Consequently, Hansen did not have the requisite authority to sign the chapter 11 petition on Debtor's behalf. Because there was not corporate authority for the Debtor to file its petition, there is cause to dismiss this case under 11 U.S.C. § 1112(b)

[Case No. 23-02595, Dkt. 74, 5-6] CSLH appealed this 2023 decision to the United Stated District Court in *Chicago South Loop Hotel Owner, LLC v. U.S. Bank National Association, et al.,* 23-cv-3376 (NDIL). [Case No. 23-02595, Dkt. 79] However, CSLHO subsequently voluntarily dismissed the appeal leaving the Memorandum Opinion to stand as the final order. [Case No. 23-02595, Dkt. 91]

12. CSLHO filed its Voluntary Petition for Bankruptcy on October 1, 2025, with Hansen signing as authorized agent. As noted above, this filing was <u>after</u> an Order for Relief had already been entered by the Bankruptcy Court as a result of the involuntary petition filed by Tiffany Webb on August 20, 2025. [R.5-2, 13; 5-2, 21] Following the filing of the Voluntary Petition, Dodd filed his *Motion to Dismiss Chapter 11 Case or Appoint a Chapter 11 Trustee, and to Shorten Time*. [R.5-2, 87] The motion was briefed and Judge Thorne issued her Memorandum Opinion dismissing the 2025 Bankruptcy finding that: "Nothing more has been put forth vesting authority in Todd Hansen. The Court made extensive findings of fact in the prior case [2023 Bankruptcy] which it minimally reiterates for purposes of understanding in the current case. *See In re Chicago S. Loop Hotel Owner, LLC*, No. 23-02595, 2023 WL 3643533, (Bankr. N.D. Ill. May 24, 2023)." [R.5-4, 258] Judge Thorne dismissed the 2025 Bankruptcy based on its finding that CSLHO failed to

establish Hansen's the authority to file the Petition or manage the Debtor, and that there was no reasonable likelihood a plan would be filed or confirmed and the appointment of a trustee was not in the best interest of the estate. [R.5-4, 261-264]

13. Significantly, all of actions referenced by the Appellant which allegedly provided Hansen the necessary corporate authority took place before the filing of the 2023 Bankruptcy and, obviously, before the Bankruptcy Court's May 24, 2023 decision. CSLHO has not cited in the present matter any other corporate action that was taken after the Judge Thorne's 2023 Opinion, and cannot cite any authority that would displace Dodd as the manager of Parent LLC, and thus the person in charge of directing CSLHO's actions, including filing this Appeal.

14. By precluding the re-litigation of the same factual issues between the same parties, collateral estoppel preserves judicial resources, lessens the cost and vexation of multiple lawsuits, and prevents the issuance of inconsistent decisions. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), *In re Mukenschnabl*, 643 B.R. 218, 240 (Bankr.N.D.Ill.2022). The Seventh Circuit has outlined four elements that must be met in order for the collateral estoppel doctrine to be applicable: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the determination must have been essential to the final judgment; and, (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Klingman v. Levinson,* 831 F.3d 1292, 1295 (7th Cir.1987); *See also Gambino v. Koonce,* 757 F.3d 604, 608 (7th Cir.2014). All four elements are all satisfied here insofar as: (i) the 2023 Memorandum Opinion and Bankruptcy resolved that Dodd is a manager of Parent LLC, thus has the authority to act for CSLHO, and the Hansen is not a manager of Parent LLC, thus does not have the authority to act for CSLHO, the same issue considered in Judge Thorne's 2025 Memorandum Opinion; (ii) the motion

to dismiss the bankruptcy case in 2023 was fully briefed and presented to the Bankruptcy Court; (iii) the 2023 Memorandum Opinion is final and CSLHO voluntarily dismissed it appeal of the same; and (iv) CSLHO and Hansen were parties in the 2023 Bankruptcy, thus meeting the fourth element.

15. Admittedly, the Bankruptcy Court's 2023 decision does not specifically state that Dodd is the sole manager of Parent LLC. However, the Bankruptcy Court found that Dodd is a manager of Parent LLC, and that Parent LLC's Operating Agreement would require Dodd's approval, as part of the requirement that changes be "unanimously approved," for the appointment of anyone else as a manager of Parent LLC. *In re Chicago South Loop Hotel Owner, LLC,* 2023 Bankr. LEXIS 1376 at 7. In that decision, the Bankruptcy Court further found that Vickie White's election as a manager was invalid. *Id*. at 8. Therefore, Dodd clearly has authority to act for CSLHO and Hansen has no authority to act for CSLHO.

16. Under the doctrine of collateral estoppel, the facts that Dodd is the manager of Parent LLC, and thus controls CSLHO and that Hansen has no authority to act for Parent LLC, and thus CSLHO, have been resolved by application of the doctrine of collateral to the *In re Chicago South Loop Hotel Owner, LLC*, 2023 Bankr. LEXUS 1376 decision.

17. Putting aside the issue of collateral estoppel, Hansen's analysis of the organizational documents is plainly wrong and his conclusion that the so-called "settlement agreement" entered in the Circuit Court binds Dodd is in error. Rather than repeating its response to these arguments, Hospitality references its *Supplemental Response of Hospitality Structured Funding IV, LLC to Louis Dodd's Motion to Dismiss This Chapter 11 Case or Appointment of Chapter 11 Trustee, and to Shorten Time.* [R.5-4, 184]

**(ii) The Bankruptcy Court Erred in Dismissing the Bankruptcy Case Rather Than Appointing a Chapter 11 Trustee.**

18. While Hospitality agrees with the Bankruptcy Court's conclusion that Hansen lacked the necessary corporate authority to file a voluntary bankruptcy petition for CSLHO, let alone manage the Debtor, Hospitality respectfully submits that the Bankruptcy Court nevertheless abused its discretion and erred in dismissing the Chapter 11 case, rather than appointing a Chapter 11 trustee as authorized by Sections 1104(a) and 1112(b)(1) of the Bankruptcy Code.

19. Section 1112(b)(1) of the Bankruptcy Code provides:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

20. Section 1104(a) of the Bankruptcy Code provides:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee -
>
> > (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> >
> > (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

21. In her 2025 Memorandum Opinion, Judge Thorne ruled that dismissal was appropriate because it was clear "that the Debtor's Parent [Parent LLC] is incapable of operating, and this prevents the Debtor from successfully navigating a chapter 11 case." [R.5-4, 264] The Bankruptcy Court further noted that "[w]hile there may be benefits to appointing a trustee, it may come at the cost of great harm to the estate as management is completely ousted and an already

beleaguered estate must pay a trustee's extraordinary expenses." [R.5-4, 266]

22. While the lack of authority to file a voluntary Chapter 11 petition by a party constitutes "cause" for dismissal or conversion of a Chapter 11 case, *In re Georgian Backyard LLC*, 661 B.R. 102, 105 (Bankr.E.D.N.Y.2024), the Order for Relief in the 2025 Bankruptcy was actually entered pursuant to an involuntary petition filed under Section 303 of the Bankruptcy Code. No challenge was raised as to the existence of the requisite number of creditors (in this case one, Tiffany Webb) holding claims that were neither contingent as to liability, nor subject to bona fide dispute, filed the involuntary petition. Moreover, no party challenged that the debtor is generally not paying its debts as such debts become due. Therefore, pursuant to Section 303(h) of the Bankruptcy Code, the Bankruptcy Court was required to issue the Order for Relief. 11 U.S.C. §303(h) ("If the petition is not timely controverted, the court *shall* order relief against the debtor in an involuntary case under the chapter under which the petition was filed.") Therefore, whether Hansen had the authority to file a petition for relief on behalf of CSLHO is not relevant.

23. Hospitality also recognizes that one enumerated ground for finding cause to dismiss a petition is "substantial or continuing loss to or diminution of the estate[ ] and the absence of a reasonable likelihood of rehabilitation." However, this ground is drafted in the conjunctive, so that a moving party must demonstrate that there is both (1) continuing loss to or diminution of estate assets; and (2) the absence of a reasonable likelihood of rehabilitation. *In re Fall*, 405 B.R. 863, 867 (Bankr.N.D.Ohio 2009) In this case, while CSLHO was, in fact, experiencing continuing losses, no evidence was presented with regard to the reasonable likelihood of the Debtor's rehabilitation. Stated another way, although the focus of the hearing on the motion to dismiss was on the authority of Hansen to manage CSLHO, no evidence was submitted with regard to the prospect of reorganizing CSLHO, an important consideration in ruling on a motion to dismiss or

appoint a Chapter 11 trustee.

24. Yet, as recognized in *Barcelona Capital, LLC v. Neno Cab Corp.*, 648 B.R. 578, 588 (Bankr.E.D.N.Y.2023), "the ultimate question in the bad faith analysis is whether 'it [wa]s clear that on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings.'" (quoting *In re AAGS Holdings, LLC*, 608 B.R. 373, 382 (Bankr.S.D.N.Y.2019) In fact, *Barcelona Capital* noted that even if all, or nearly all, of the factors relating to bad faith are arguably present, "a debtor may still establish that it has an ability to effectively reorganize and thereby defeat a motion to dismiss based on alleged bad faith." *Id.*

25. Similarly, in *In re Towne Development, LLC,* 404 B.R. 140 (Bankr.M.D.La.2009) where some members of a limited liability company moved to dismiss or convert an involuntary Chapter 11 case that had been filed against it by another member, the court noted that:

> However, although these disputes and the challenges to the validity of the Petitioning Creditors' claims were the focus of the evidence at the hearing, the prospect of reorganizing the debtor is a more important consideration in ruling on Old Towne's motion to dismiss or convert.

26. The Bankruptcy Court dismissed this case because it concluded that "[n]o reasonable likelihood of the proposal and confirmation of a plan exists." [R.5-4, 261] Yet, CSLHO's Bankruptcy Schedules filed on October 1, 2025, note the existence of assets totaling $23,926,902.33, including real estate valued at $22,000,000, while it scheduled debts totaling $15,891,894.04. While Hospitality believes its claim has been understated, the Schedules reflected the possibility that CSLHO's assets have substantial equity.

27. Further, with the Order for Relief having been entered on September 11, 2025, CSLHO's exclusive period to file a plan only terminated on January 9, 2026. Appellant states that it "was in the process of preparing a plan of reorganization, but had to pivot to deal with the

[Motion to Dismiss].” [Appellant Brief, pg 9] And while the Bankruptcy Court was not aware of this fact, Hospitality too was coordinating preparation of a consensual plan at the time the Bankruptcy Court dismissed the case. With the Motion to Dismiss having been filed only 60 days after the Order for Relief had been entered, Hospitality respectfully submits that at that early stage of the case it was not possible to conclude that CSLHO had no reasonable prospect for an effective reorganization, especially with the expiration of CSLHO's exclusivity period. Thus, Hospitality believes that the Bankruptcy Court's prediction that there was no reasonable likelihood of the proposal or confirmation of a plan was unsupported by the evidence.

28. Further, only three parties were actively involved in the hearing on the Motion to Dismiss. The Debtor opposed the motion. Dodd sought dismissal, or in the alternative, appointment of a Chapter 11 trustee, while Hospitality opposed dismissal, but supported appointment of a Chapter 11 trustee. As noted in 7 COLLIER ON BANKRUPTCY §1112.04[7], the "parties will be the best judge of their own interests, and if all the parties agree on one course of action, the court should accommodate their desire." Here, again, only two parties actively briefed the issues raised in the motion to dismiss (which issues did not included the prospect of CSLHO effectively reorganizing). The movant (Dodd) is CSLHO's actual manager and he noted that he would accept appointment of a Chapter 11 trustee in lieu of dismissal. Hospitality, CSLHO's largest secured creditor, supported only appointment of a Chapter 11 trustee. With no other creditor or party-in-interest participating, the Bankruptcy Court should have accepted this consensus.

**Conclusion**

Hospitality Structured Funding IV LLC respectfully submits that the Memorandum Opinion, the Bankruptcy Court correctly ruled that Todd Hansen had no authority to file a petition for relief on behalf of Chicago South Loop Hotel Owner, LLC, nor the authority to manage CSLHO. Nevertheless, Hospitality believes that the Bankruptcy Court abused its discretion in

dismissing the instant bankruptcy case, rather than appointing a Chapter 11 trustee as requested, in part, by the movant and supported by Hospitality, without first, at a minimum, obtaining the parties input and evidence into the status of the plan that was being discussed by the parties.

Respectfully submitted,
Hospitality Structured Funding IV, LLC

By: /s/ *Matthew T. Gensburg*
One of its Attorneys

Matthew T. Gensburg
Email: mgensburg@gcklegal.com
GENSBURG CALANDRIELLO & KANTER
200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Phone: (312) 263-2200

John Moynihan
Email: jmoynihan@ccvmlaw.com
Cooney Corso & Moynihan LLC
1311 Butterfield Road, Ste 308
Downers Grove, Illinois 60515
Phone: (847) 477-3919